**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DANIEL DELANEY AND CYNTHIA DELANEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DARRELL CLAYTON DELANEY, DECEASED, | § § § § § | |
| | § | Civil Action No.  SA-12-CV-541-XR |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| THE GEO GROUP, INC. AND WARDEN JAMES COAPLAND, | § § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand and Motion for Attorney Fees. (Docket No. 3).  After due consideration of the relevant law, the Court GRANTS the Motion to Remand and DENIES the Motion for Attorney Fees.

**Background**

This case arises from the attempted suicide and subsequent death of Darrell DeLaney at the Central Texas Detention Facility (CTDF).  Plaintiffs Daniel DeLaney and Cynthia DeLaney, brought this suit individually, and on behalf of the estate of their son, Darrel Clayton, a citizen and resident of Texas at the time of his death, in Texas state court against Defendants GEO Group and James Coapland[1], individually, on April 23, 2012.  (Docket No. 1, Exh. A).  In their complaint, Plaintiffs allege that the Defendants were "grossly negligent and negligent in proximately causing the suffering and death of Darrel Clayton DeLany" and that Defendants "engaged in negligent activity."  On May 18,

---

[1] This name is spelled alternately "Copeland" and "Coapland." For the purposes of this order, the Court will use the "Copeland" spelling.

2012, Copeland filed his original answer in State court.  (Docket No. 1, Exh A).

Defendant GEO Group subsequently removed the case to this Court on June 1, 2012 based on diversity jurisdiction. (Docket No. 1).  Defendant GEO Group alleges that complete diversity exists even though Copeland is a citizen of Texas, because Copeland was improperly joined in order to defeat diversity jurisdiction.  Plaintiffs filed a Motion to Remand on June 29, 2012 (docket no. 3), and Defendants filed a response on July 6, 2012 (docket no. 4).

## Legal Standard

The federal removal statute states that suits that arise under diversity jurisdiction are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted). Here, only the second type of improper joinder is at issue.

To determine whether the non-diverse Texas Defendant was improperly joined, we ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse Defendant], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [him]." *Smallwood*, 385 F.3d at 573. "[T]here must be a reasonable possibility of recovery, not merely a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).  The burden of persuasion on a party asserting improper joinder is a "heavy one." *Id.*; *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009).

In analyzing whether Defendants have demonstrated improper joinder, this Court may "pierce the pleadings and . . . conduct a summary inquiry only to identify [the] presence of discrete and undisputed facts which would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "The focus of the inquiry must be on joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. In doing this summary inquiry, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

## Analysis

Defendants contend that removal is proper because the Plaintiffs have no viable claim against Defendant Copeland.  Specifically, Defendant GEO Group argues that the Plaintiffs' claims against Defendant Copeland are insufficient because: (1) Plaintiffs have failed to plead a plausible claim against Copeland; (2) Plaintiffs have no reasonable basis under Texas law to recover from Defendant Copeland; and (3) the uncontroverted evidence establishes that Copeland had no role in the events that could have caused or contributed to the death of the decedent.  These issues will be discussed in turn.

**I.      Plaintiff's Motion to Remand**

**A.      Whether Plaintiffs have pled a plausible claim**

Defendants argue that Plaintiffs' complaint fails to state a claim because "Plaintiffs' pleadings against Defendant Coapland fail to state facts, as opposed to labels and conclusions, that state a claim against him."  Specifically, Defendants allege: "the allegation of negligence is conclusory in that it merely labels a cause of action but does not state any facts describing how Coapland [sic] 'negligently supervised the CTDF'"; "the allegation[s] do not tell the Court or the Defendants what the breaches are"; "the claims are factually incorrect"; nowhere in their pleading  do Plaintiffs state the manner or

3

circumstances of the decedent's injury or death"; Plaintiffs "fail to distinguish between the conduct of Coapland [sic] and the conduct of Defendant The GEO Group"; Plaintiffs "merely tick-off the elements of a negligence claim without identifying any facts that plausibly show what Coapland [sic] allegedly did, how he did it, or how whatever he may have done (or didn't do) caused harm to the Plaintiffs."[2]

Defendants argue that these allegation do not satisfy federal pleading standards, which require factual allegations that "raise a right relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). However, in assessing improper joinder for purposes of diversity jurisdiction, courts in this circuit consistently have analyzed the sufficiency of pleadings under Texas's notice pleading standard, because to do otherwise would require "state court plaintiffs . . . to anticipate removal to federal court." *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0768-D, 2008 U.S. Dist. LEXIS 68646, at *10 (N.D. Tex. Aug. 29, 2008) (citing *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537-38 (5th Cir. 2005); *Kiw, Inc. v. Zurich Am Ins. Co.*, 2005 U.S. Dist. LEXIS 38736 (S.D. Tex. Dec. 14, 2005); *Watson v. Law Enforcement Alliance of Am., Inc.*, 386 F.Supp.2d 874, 878 (W.D. Tex. 2005); *Archer v. Allstate Ins. Co.*, 2005 U.S. Dist. LEXIS 16005, 2005 WL 1155059, at *2-*3 (S.D. Tex. May 16, 2005); *Gonzalez v. Allstate Tex. Lloyd's*, 2005 U.S. Dist. LEXIS 43353 (S.D. Tex. May 5, 2005)).

Under the Texas Rules of Civil Procedure, a petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a). "That an allegation be . . . of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas's fair notice pleading standard

[2]The Court notes that several of these allegations are not specific to Copeland; but, rather attack the sufficiency of the pleadings in general. Such common defenses are an improper basis for attacking an in-state party's joinder. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

"looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007).

Taken as a whole, Plaintiffs' complaint is sufficiently clear so as to put Defendants on notice of the nature of their claim.  In their complaint, Plaintiffs allege that: "Darrell Clayton DeLaney was in the care and custody of the Central Texas Detention Facility"; "James Copeland was the warden of the jail and responsible for the day to day operations"; "Warden James Copeland had overall authority over the facility and negligently supervised [it]"; and "DeLany was found dead while supposedly being monitored by GEO and its personal [and h]is death was caused by specific breaches of duty by Defendants GEO, and Copeland."  These allegations satisfy Texas notice pleading standards, and the Court concludes that Plaintiffs have pled a plausible cause of action.

### B.      Whether Plaintiffs have a potential claim against Defendant Copeland

Because Plaintiffs have satisfied the Texas pleading requirements, the Court next considers whether Plaintiffs have a potential claim under Texas law against Defendant Copeland.  In their complaint, Plaintiffs allege that Defendant Copeland was negligent in the death of Darrell DeLaney. Defendants contend that Defendant Copeland could not possibly be held liable under a negligence theory in Texas because he owed no special duty to the decedent.

In Texas, to recover on a negligence claim, a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty of reasonable care; (2) the defendant breached that duty; and (3) the defendant's breach proximately caused the plaintiff's harm. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).  The existence of a legal duty is a question of law for the court to decide based on the facts of each case. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).  A determination

regarding whether a duty exists requires that court to consider a number of factors, including the risk, foreseeability, and likelihood of injury to the person harmed, weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the risk of injury, and the consequences of placing that burden on the actor. *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983).  Other important factors for a court to consider include whether one party has superior knowledge of the risk of harm, and whether there exists a  right to control the actor whose conduct precipitated the harm. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex. 1993).

Here, Plaintiffs rely on *Wackenhut Corrections Corp. v. De La Rosa*, 305 S.W.3d 594 (Tex. App.–Corpus Christi 2009, no pet.) to establish the existence of a duty.  In *Wackenhut,* a correctional corporation and its warden challenged a wrongful death judgment in favor of the family of an inmate who was killed by other inmates in their facility.  Defendants object to Plaintiffs' reliance on *Wackenhut*, noting that the opinion does not approve of a negligence cause of action, and that the opinion instead turns on whether that defendant properly preserved its arguments and objections to the jury instructions and interrogatories at the time of trial.  Moreover, Defendants note that the facility in that case was under contract with the State of Texas, whereas the facility in this case is a privately owned federal facility with different legal duties and obligations.

In essence, both parties are correct in their characterization of *Wackenhut's* significance. Defendants are correct that the case does not conclusively establish that Copeland had a duty to DeLaney.  However, it nevertheless provides some reason to believe that such a duty might reasonably be imposed on him by Texas courts.  In any event, it is not this Court's job to predict how the Texas Supreme Court might rule on this issue.  Rather, this Court must merely determine whether Defendants have met their burden of demonstrating that there is no reasonable basis for this Court to conclude that

Plaintiffs might be able to recover against Defendant Copeland.  Defendants have not cited a single Texas case holding that privately contracted prison wardens cannot be found liable under a negligence theory when a prisoner commits, or attempts to commit, suicide.[3]  The question of whether Defendant Copeland can be found liable for negligence under Texas law is one best answered by Texas courts, and this Court therefore determines that Defendants have not met their burden of demonstrating that Plaintiffs might be able to recover against Defendant Copeland.

### C. Whether the uncontroverted evidence establishes that Coapland had no role in DeLaney's death

Finally, the Court considers Defendants' argument that "the uncontroverted evidence establishes that Coapland [sic] had no role in the events that could have caused or contributed to the death of the decedent."  Specifically, Defendants argue that: "Coapland [sic] was away from" from the facility at the time of decedent's death; "Coapland [sic] could not have taken part in the decision " to take decedent of suicide watch; "Coapland [sic] was still away when, two days later, the decedent attempted suicide"; "Coapland [sic] did not 'completely control' the facility or oversee its faily operations"; Copeland "was not responsible for pre-service and in-service training of facility staff"; and Copeland "did not have authority to promulgate policies and procedures."

These allegations go beyond the scope of Plaintiffs' complaint.  The Fifth Circuit has noted that

---

[3] Defendant GEO Group does cite *Evans v. City of Marlin* for the proposition that law enforcement officers are not required to detect suicidal tendencies. 986 F.2d 104, 107 (5th Cir. 1993).  However, *Evans* expressly recognized that a law enforcement officer's failure to provide a detainee with adequate protection from his known suicidal impulses is actionable under § 1983. *Id. Evans* did not provide law enforcement officers with immunity from liability for a detainee's suicide; rather, *Evans* held only that officers are not required to "*unerringly* detect suicidal tendencies." *Id.* (emphasis added). Thus, law enforcement officers were not required to detect latent suicidal tendencies, but they were required to detect those that were obvious. *Id.* at 108.  In addition, *Evans* is a Fifth Circuit case dealing with a § 1983 claim; as such, *Evans* is not directly indicative of whether this Court should find a reasonable basis for concluding that the Plaintiffs might have a claim against Defendant Copeland under Texas law.

"there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. However, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[P]iercing of the pleadings should not entail substantial hearings [and d]iscovery by the parties should not be allowed except on a tight judicial tether [because to] proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Id.*

The factual allegations cited above clearly go beyond those necessary to resolve the question of this Court's jurisdiction, and instead go to the merits Plaintiffs' claim.[4]  The consideration of such facts are clearly foreclosed by the Fifth Circuit's decision in *Smallwood*.  The Court therefore rejects Defendants' argument that these allegations provide a basis for this Court's denial of remand.

## II.    Attorney Fees

Plaintiffs request attorney fees and costs.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred  as a result of the removal." 28 U.S.C. § 1447(c).  "There is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  Instead, the courts look to the objective merits of the defendant's case at the time of removal. *Id.*  In other words, regardless of whether the

---

[4]In contrast, the fact that DeLaney committed suicide, a fact which was omitted from Plaintiffs' complaint, may be considered by the Court because it is discrete, not in dispute, and was legally relevant to whether a cause of action exists against Coapland.

8

removal was made in subjective good faith, a court may still deny attorney's fees if "the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 292-93.  Because this Court can conclude that the Defendants had objectively reasonable grounds to believe that removal was legally proper under the theory of improper joinder, the Court declines to award attorney's fees to Plaintiffs.

### Conclusion

Plaintiffs' Motion to Remand is GRANTED (docket no. 3).  Plaintiffs, however, are not entitled to attorney fees and that request is DENIED.  It is therefore ORDERED that this case be REMANDED to the 37th District Court of Bexar County, Texas.   The Clerk is instructed to close the case.

It is so ORDERED.

SIGNED this 14th day of August, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE